MARIA L. KLEINER *et al.*

*v.*

LUCINDA C. BOWEN.

*Filed at Ottawa May 11, 1897.*

1. EJECTMENT—*part of premises described in declaration may be recovered in ejectment.* The fifth clause of section 30 of the Ejectment act, (Rev. Stat. 1874, p. 446,) authorizes a verdict and recovery for part of the premises described in the declaration.

2. BOUNDARIES—*monuments mentioned in description of property may be identified by extrinsic evidence.* Where land is described by reference to natural or artificial monuments, the monuments may be identified by extrinsic evidence, and no such description is void for uncertainty until after a failure to locate the land by such means.

3. SAME—*monuments marking boundaries are presumed to exist until contrary is shown.* Monuments mentioned in a description of land as marking its boundaries are presumed to exist until the contrary is shown.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

E. W. ADKINSON, for plaintiffs in error.

HOYNE, FOLLANSBEE & O'CONNOR, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error brought her suit in ejectment against plaintiffs in error for the recovery of portions of lot 43 in Ellis' east or second addition to Chicago, in Cook county, Illinois, which were particularly described by metes and bounds in her declaration. A trial was had, resulting in a verdict finding "the defendants guilty of withholding that portion of the premises described in the declaration" which was designated and described in the verdict. Judgment was entered upon the verdict for that part of lot 43 therein described, and which was again particularly described in the judgment.

Plaintiffs in error contend that under a declaration claiming certain premises a part cannot be recovered, but that the plaintiff must recover, if at all, the whole premises according to the declaration. This probably results from overlooking section 30 of the act in regard to the practice in actions of ejectment, in force July 1, 1872, which governs this proceeding. The fifth clause of that section authorizes a verdict and recovery for a part of the premises described in the declaration.

It is also insisted that the judgment was erroneous because the verdict and judgment have no relation to the land described in the declaration, and because there is nothing in the record by which the premises recovered can be located. The premises are described in the verdict and judgment as a part of said lot 43, beginning on the south side of said lot, at a point where it is intersected by the line of the east face of the east wall of

a certain building, and running thence, on certain lines therein mentioned, around the premises to the place of beginning. The point that this description is such that the premises cannot be located is without merit. A usual and proper mode of describing land is by a reference to natural or artificial objects as corners or boundaries, which must be established and identified by a resort to evidence outside of the record. The settled doctrine is, that extrinsic evidence can always be used for such purpose, and no description will be held void for uncertainty until after a failure to locate the land by such means. *Choteau* v. *Jones*, 11 Ill. 300; *Williams* v. *Warren*, 21 id. 540; *Colcord* v. *Alexander*, 67 id. 581; *Smith* v. *Crawford*, 81 id. 296; *Chicago Dock and Canal Co.* v. *Kinzie*, 93 id. 415; *Smiley* v. *Fries*, 104 id. 416.

It is argued that the court cannot say, as matter of law, that there is such a building as that described in the verdict and judgment, or determine its location if it exists. It is not necessary that the court should say anything of that kind. It will not presume that the building does not exist or that it is incapable of being found and located. In *Williams* v. *Warren, supra*, a description in an award of arbitrators was in question where they had referred to "original claim lines" as things that had an existence, and the court refused to indulge a presumption against their existence. A description by such lines was regarded as certain, and the same rule must apply in this case. If the building and the lines of Thirty-ninth street and of the lot and the adjoining premises mentioned in the description have an existence, the land recovered is capable of being located with absolute certainty. Until the contrary shall be made to appear the courts will presume that they have an existence, like witness-trees or other objects or monuments marking the boundaries of land.

The judgment will be affirmed.

*Judgment affirmed.*